CASE 101—ACTION BY JASPER OWENS AGAINST MAGOFFIN COUNTY, TO SET ASIDE A COUNTY LEVY ORDER.—OCTOBER 18.

# Magoffin County v. Owens.

APPEAL FROM MAGOFFIN CIRCUIT COURT—ROBERT RIDDLE, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

TAXATION—COUNTIES—APPROPRIATIONS—FISCAL COURT—DISCRETION.

The indebtedness of a county amounted to nearly $25,000, and a levy of the full constitutional tax and a per capita tax of $1.50 yielded approximately $7.000. The indebtedness was due to a large number of individuals, whose claims varied from sums, of less than $5 to several hundred dollars. Prior to October 15,. 1902, the fiscal court appropriations were added to its past indebtedness, and the revenue prorated among these claims, under which policy the claims became greatly depreciated in value, and the creditors of the county annually multiplied, and its roads and bridges gradually grew worse. In 1902 the fiscal court ordered that seven and one-half per cent. of the tax fund should be ex-

clusively devoted to the repair of roads and bridges, and that ten cents of the *ad valorem* tax and forty-one per cent. of the poll tax should be solely devoted to current expenses, etc., leaving fifty-eight and one-half per cent. of the poll tax and thirty-two and one-half cents of the *ad valorem* tax, which the court ordered set apart for the payment of the principal and interest of the county indebtedness previously contracted, and provided that all claims of $5 and less should be fully paid. HELD, that such order was a proper exercise of discretion, and was justified by Ky., St. 1903, c. 52, sec. 1840, giving the fiscal court jurisdiction to appropriate funds collected by taxation to the maintenance of county government, roads, bridges and other public necessities.

W. W. McGUIRE, HAZELRIGG, CHENAULT & HAZELRIGG, FOR APPELLANT.

1. It is a well settled legal proposition that mandamus lies only to compel the performance of a duty purely ministerial in its motive and so clear and specific as not to call for the exercise of any discretion in its performance.

2. Mandamus lies to compel an officer to act if the duty is both ministerial and judicial, but can not control his judgment and discretion. Cassidy, &c. v. Young, 92 Ky., 223.

3. The fiscal court of a county is in effect a legislative body invested with the power by law in making an appropriation when the needs of the county requires it. While they may neglect their duty or fail to improve the county roads, or make other necessary appropriations, it is beyond the power of a judicial tribunal to interfere. There is a discretion as to the mode of expending money. Highbaugh v. Hardin County, 92 Ky., 20.

4. If there be a refusal to act on the subject or to pass upon the question on which the discretion is to be exercised, then the writ may be used to enforce obedience, but when the question has been passed upon it will not be used for the purpose of correcting the discretion. 2 Bibb, 173; 19 Johns, 260; 18 Ben Mon., 17.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The total valuation of property assessed for taxation in the county of Magoffin is approximately, in round numbers, $1,000,000. It has been carrying a floating debt of about $25,000, on which it pays interest at the rate of 6 per cent., for many years, which was contracted largely for the erection of a courthouse. A levy of 50 cents on each $100 (the

full amount allowed by the Constitution), and a per capita tax of $1.50, yields a net revenue of approximately $7,000. The indebtedness of the county is due to a large number of individuals, whose claims vary from sums of less than $5 to several hundred dollars. Prior to the 15th of October, 1902, the appropriations made by the fiscal court of the county were added to its past indebtedness, and the revenue pro-rated among these claims. This policy had been in vogue for several years, and, as a result thereof, claims against the county had become greatly depreciated in value, and the number of its creditors annually multiplied, and its roads and bridges had grown in worse condition from year to year. The fiscal court at its October term, 1902, deemed it expedient to adopt a different system for meeting the necessities of the county government, and for the payment of its overdue indebtedness. At that term a levy was made of 50 cents on the $100 worth of taxable property, and a poll tax of $1.50, and out of this fund it was provided that 7½ per cent. of the ad valorem tax should be devoted exclusively to the repair of roads and bridges; that 10 cents of the ad valorem tax and 41 per cent. of the poll tax should be devoted solely to the payment of current expenses, including officers' fees and keeping the poor and indigent; leaving 58½ per cent. of the poll tax, and 32½ cents of the 50 cents ad valorem tax, which the court set apart for the payment of the principal and interest of the indebtedness of the county which had been contracted prior to that time. They further directed that out of this fund all claims against the county of $5 and less should be paid in full. Under this system the county will be enabled to pay its current expenses, the interest on its overdue debts, and approximately 12½ per cent. on the principal thereof. The appellee, Jasper Owens,

was·a creditor of the county at the date of this order, as
vendee of numerous certificates which had been allowed to
different persons, in a sum of about $800, and instituted this
suit against the fiscal court, asking that it should be com-
pelled to set aside its order of January 30, 1903, the sub-
stance of which has been recited above, and to distribute the
county revenue pro rata among all its creditors, or in the
order in which the indebtedness was created; and a judg-
ment was so entered in the circuit court and the county has
appealed.

By chapter 52 of the Kentucky Statutes of 1903, the fiscal
courts of counties are given jurisdiction to levy taxes within
the constitutional limit, and to appropriate the county funds
so collected to the maintenance of the county government,.
its roads, bridges, public buildings, poor, and divers other
public necessities, as set out in section 1840 of the Kentucky
Statutes of 1903. If they neglect the discharge of these
duties, they are amenable to the law, but have necessarily a
wide discretion in the discharge thereof. In our opinion,
the facts stated in the answer of appellants show that they
have acted with good judgment in the course which they
have adopted for the payment and extinguishment of the
county indebtedness. The officers of the county must be
paid, if they are to efficiently discharge their duties; the
road and bridges of the county must be kept in a reasonably
safe condition for public travel; and we are of the opinion
that there has been no abuse of its discretion by the fiscal
court in the order complained of.

For reasons indicated, the judgment is reversed, and cause
remanded for proceedings consistent with this opinion.